UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Amir M. Hujjutallah,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Experian Information Solutions Inc.,<br><br>　　　　　　Defendant(s). | 2:24-cv-01487-APG-MDC<br><br>**ORDER DENYING IFP APPLICATION** |

Pending before the Court is plaintiff's *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 5). For the reasons stated below, the Court DENIES the IFP application WITHOUT PREJUDICE.

**DISCUSSION**

**I.　BACKGROUND**

Plaintiff filed his initial IFP application (ECF No. 1) on August 13, 2024. On August 14, 2024, the Court denied his initial IFP application for a few different reasons. ECF No. 4. First, plaintiff failed to sign his IFP application. *See* ECF Nos. 1, 4. Second, plaintiff failed to fully answer question 3. *See* ECF Nos. 1, 4. Third, plaintiff failed to show how he is able to afford his monthly expenses, when they exceed his monthly income. *See* ECF Nos. 1,4. Finally, plaintiff failed to specify his relationship with his dependents and the amount he contributes to their support. *See* ECF Nos. 1, 4. The Court gave plaintiff another opportunity to file for IFP status and ordered him to file a signed, long-form IFP application by September 13, 2024. ECF No. 4.

On August 26, 2024, plaintiff submitted a new IFP application. ECF No. 5. Although plaintiff signed the IFP application, he submitted a short-form application that was near identical to his original application. However, the Court's 08/14/24 Order (ECF No. 4) sent to plaintiff was returned as "undeliverable." ECF No. 7. Since there is a possibility that plaintiff did not receive the Court's Order

discussing the deficiencies in the original IFP application, the Court will address plaintiff's new, short-form IFP application.

## II. IFP APPLICATION

### A. Legal Standard

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

### B. Analysis

Plaintiff's new IFP application (ECF No. 5) not only remains deficient, but it is also inconsistent with his initial IFP application. Plaintiff initially reported that his gross wages were $2,700/month and that he takes home $2,300/month. ECF No. 1 at 1. Plaintiff now claims that both his gross wages and his take home wages are $2,700/month. ECF No. 5 at 1. Plaintiff marked that he receives "other income" from "business, profession, or other self-employment" but does not indicate the source of the income, nor how much he receives. ECF Nos. 1, 5. Plaintiff indicated in his new IFP application that he has no other assets, which is consistent with his original application. ECF Nos. 1, 4. However, plaintiff now reports that he does not make any "housing, transportation, utilities, or loan payments, or other regular monthly expenses." ECF No. 5. This is inconsistent with his original IFP application which reported he spends $2,370.26/month on rent and $73/month on utilities. ECF No. 1. Plaintiff has six dependents, but does not specify his relationship with his dependents, nor the amount he contributes to his dependents. Taking into account both IFP applications, the Court finds that there are still deficiencies and some

inconsistencies in plaintiff's current IFP application. Therefore, the Court DENIES plaintiff's IFP application (ECF No. 5) but does so without prejudice.

Plaintiff must submit a long-form IFP application that addresses the Court's concerns and provides an explanation for the inconsistencies between the two IFP applications. Plaintiff must answer every question on the long-form IFP application and cannot leave any questions blank. Simply answering a question with "N/A" without an explanation will be insufficient.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 5) is DENIED WITHOUT PREJUDICE.

2. Plaintiff must submit a long-form IFP application or pay the full filing fee by **October 18, 2024**. Failure to timely comply with the Court's Order may result in a recommendation that the case be dismissed.

DATED this 23rd day of September 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.